## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| COURTNEY MIZER<br>2168 Kevin Court NE<br>New Philadelphia, OH 44663<br><br>    Plaintiff,<br><br>v.<br><br>QUALIA COLLECTION SERVICES<br>1444 N McDowell Boulevard<br>Petaluma, CA 94954<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S COMPLAINT

Plaintiff, COURTNEY MIZER ("Plaintiff"), through her attorney, Jack S. Malkin, Esq., alleges the following against Defendant, QUALIA COLLECTION SERVICES ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. § 1692k (FDCPA).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in New Philadelphia, Tuscarawas County, Ohio.

6. Plaintiff is a consumer as that term is defined by the FDCPA.

7. Plaintiff allegedly owes a debt as that term is defined by the FDCPA.

8. Defendant is a debt collector as that term is defined by the FDCPA.

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency located in Petaluma, Sonoma County, California.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a reference number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with AutoNation.

18. The alleged debt at issue arises from transactions for personal, family, and household purposes.

19. In or around November 2019, Defendant began placing collection calls to Plaintiff on Plaintiff's telephone at xxx-xxx-1596, in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff from 800-234-8151, which is one of Defendant's telephone numbers.

21. In or around December 2019, Plaintiff answered Defendant's collection call and spoke with one of Defendant's female collectors.

22. During the conversation, Defendant's female collector threatened to take legal action against Plaintiff if she did not make a payment to Defendant in the amount of $500.00 within twenty-four (24) hours.

23. During the conversation, Defendant's female collector threatened to send Plaintiff to jail for up to one (1) year.

24. During the conversation, Defendant's female collector threatened to punish Plaintiff with a fine for nonpayment of the aged debt.

25. Fearful of Defendant's empty threats, Plaintiff authorized her mother, Michelle Mizer, to speak with Defendant.

26. Plaintiff's mother's telephone number is xxx-xxx-3840.

27. On at least one occasion, Plaintiff's mother spoke with one of Defendant's collectors.

28. During the conversation, Plaintiff's mother offered to enter into a payment plan with Defendant and Defendant's collector refused.

29. During the conversation, Defendant's collector threatened to take legal action against Plaintiff.

30. Relying on Defendant's empty threats, Plaintiff's mother, on behalf of Plaintiff, made a payment to Defendant in the amount of $400.00.

31. After communicating with Plaintiff, Defendant placed collection calls to Plaintiff's family members including, but not limited to, the following:

    a. Plaintiff's grandmother, Audria Mizer, on her telephone number at xxx-xxx-1596;

    b. Plaintiff's brother, Adam Mizer, on his telephone number at xxx-xxx-6107; and

    c. Plaintiff's brother, Aaron Mizer, on his telephone number at xxx-xxx-8574.

32. To date, Defendant has not taken legal action against Plaintiff.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

33. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692c(b) of the FDCPA by communicating, in connection with the collection of any debt, with any person other than the consumer with none of the exceptions applicable, when Defendant placed collection calls to Plaintiff's family members after communicating with Plaintiff;

    b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant engaged in engaged in, at least, the following discrete violations of § 1692e;

    c. Defendant violated § 1692e(4) of the FDCPA by representing that nonpayment of any debt will result in the arrest or imprisonment of any person unless such action is lawful and the debt collector intends to take such action, when Defendant's female collector falsely represented that Plaintiff could be sent to jail for nonpayment of the alleged debt;

d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is not intended to be taken, when Defendant's female collector threatened to take legal action against Plaintiff if she did not make a payment to Defendant by an arbitrary deadline and Defendant did not intend to take such action upon the passing of said deadline;

e. Defendant violated § 1692e(10) of the FDCPA by using any false misrepresentation or deceptive means to collect any debt, when Defendant's female collector falsely represented that Plaintiff could be fined for nonpayment of the alleged debt; and

f. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, COURTNEY MIZER, respectfully requests judgment be entered against Defendant, QUALIA COLLECTION SERVICES, for the following:

34. Actual damages of $400.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

35. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

36. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

37. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

April 22, 2020                By: /s/ Jack S. Malkin_____
                                  Jack S. Malkin, Esq.
                                  Ohio Bar Number: 0034018
                                  20600 Chagrin Blvd., Suite 750
                                  Shaker Heights, OH 44122
                                  Tel: 216-751-7708
                                  jmalkin23@hotmail.com
                                  Attorney for Plaintiff